# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GERBERY, *et al.*,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>                              Defendants. | CASE NO. 13-CV-614-MMA (DHB)<br><br>**ORDER**<br><br>***SUA SPONTE* REMANDING ACTION TO STATE COURT**<br><br>**DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 16] |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiffs' second amended complaint ("SAC"). For the following reasons, the Court finds that it lacks subject matter jurisdiction and therefore **REMANDS** the action to state court.

## BACKGROUND

This case arises from Wells Fargo's alleged illicit activity concerning Plaintiffs' home mortgage and loan agreement.[1] Plaintiffs originally filed this action in the Superior Court of California on January 8, 2013. [Doc. No. 1.] Wells Fargo

---

[1] The Court recited Plaintiffs' factual allegations in detail in its July 31, 2013 Order Dismissing Plaintiffs' First Amended Complaint. [*See* Doc. No. 14.]

1  removed this action to federal court on March 15, 2013. [*Id.*] In the Notice of
2  Removal, Wells Fargo asserts subject matter jurisdiction based on federal question
3  and diversity jurisdiction. [*Id.*]
4      Thereafter, on April 11, 2013, Plaintiffs filed a first amended complaint
5  ("FAC"), alleging four claims[2] under California law and one federal claim.[3] [Doc.
6  No. 5.] Wells Fargo filed a motion to dismiss the FAC under Federal Rule of Civil
7  Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.
8  [Doc. No. 10.] On July 31, 2013, the Court granted Wells Fargo's motion and
9  dismissed the first, second, third, and fourth claims with leave to amend and
10 dismissing the fifth claim, the only federal claim, *without* leave to amend. [*See* Doc.
11 No. 14.]
12     On August 13, 2013, Plaintiffs filed the operative SAC, alleging four claims
13 under California law for (1) violation of California's Unfair Competition Law, Cal.
14 Bus. & Prof. Code §§ 17200 *et seq.*; (2) Fraud; (3) Negligent Misrepresentation; and
15 (4) Promissory Estoppel. [Doc. No. 15.] Wells Fargo filed the instant motion to
16 dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 16.]

### LEGAL STANDARD

18     The federal court is constitutionally required to raise issues related to federal
19 subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a*
20 *Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*,
21 912 F.2d 1090, 1092 (9th Cir. 1990).
22     Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A defendant
23 can only remove a state court action if the plaintiff could have originally filed the
24 action in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

---

[2] In the FAC, Plaintiffs alleged claims under California law for: (1) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) Fraud; (3) Negligent Misrepresentation; and (4) Promissory Estoppel.

[3] In the FAC, Plaintiffs alleged a fifth (5) claim under federal law for breach of contract as a third party beneficiary to the Servicer Participation Agreement and Home Affordable Modification Program.

*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A federal court has original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States" and actions involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

## DISCUSSION

In the Notice of Removal, Wells Fargo asserts that the Court has jurisdiction based on Plaintiffs' presentation of a federal question and diversity of citizenship. [Doc. No. 1 at 1.] At the time of removal, Plaintiffs alleged a claim under federal law for breach of contract as a third party beneficiary to the Servicer Participation Agreement ("SPA") and Home Affordable Modification Program ("HAMP"). [*See* Doc. No. 1.] Thus, at the time of removal, the Court had subject matter jurisdiction based on the face of the state court complaint. Plaintiffs realleged this federal claims in their FAC. [Doc. No. 5.] However, in its July 31, 2013 Order, the Court dismissed this claim and found that Plaintiffs have no private right of action to enforce the SPA or HAMP. [Doc. No. 14 at 8-9.] Because the Court previously dismissed the sole federal claim and Plaintiffs assert only state law claims in the SAC, the Court no longer has federal question jurisdiction.

As to diversity jurisdiction, Wells Fargo asserts in the Notice of Removal that the Court has diversity jurisdiction because the parties are completely diverse and

the amount in controversy exceeds $75,000.[4]  [Doc. No. 1 at 5.]  In particular, Wells Fargo contends there is diversity of citizenship because Plaintiffs are citizens of California and Wells Fargo is a citizen of South Dakota.  However, in the SAC, Plaintiffs allege that Wells Fargo has a headquarters in San Francisco, California and is therefore a citizen of California.  [*See* SAC ¶ 2.]

Although Wells Fargo contends that it is *only* a citizen of South Dakota, [Doc. No. 1 at 15], numerous courts have expressly rejected this argument and held Wells Fargo is also a citizen of California.  *See, e.g.*, *Grace v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 1173, 1178 (S.D. Cal. 2013) ("Wells Fargo is a citizen of California."); *Hayes v. Wells Fargo Bank, N.A.*, No. 13cv1707, 2013 WL 3894945, at *2 (S.D. Cal. July 26, 2013) ("Consequently, [Wells Fargo's] principal place of business also makes it a citizen of California."); *Ortiz v. Wells Fargo Bank, N.A.*, No. 13cv0060, 2013 WL 1702790, at *4 (S.D. Cal. Apr. 19, 2013) ("[T]he Court finds a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business.  Accordingly, as applied to this case, Wells Fargo is a citizen of California."); *Bickoff v. Wells Fargo Bank, N.A.*, No. 11cv2452, 2013 WL 100323, at *5 (S.D. Cal. Jan. 4, 2013); *Uriarte v. Wells Fargo Bank*, N.A., No. 11cv2082, 2011 WL 5295285, at *9 (S.D. Cal. Nov. 3, 2011); *Saberi v. Wells Fargo Home Mortgage*, 10cv1985, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) ("Accordingly, for purposes of diversity jurisdiction, Wells Fargo Bank is both a citizen of South Dakota, where it has designated its main office, and California, where it has its principal place of business.").

The Court agrees and finds that for the purposes of diversity jurisdiction, Wells Fargo is a citizen of California.  Because Plaintiffs and Wells Fargo, the only

---

[4] Wells Fargo claims that this action satisfies the requisite amount in controversy because the loan at issue is a $396,000. Additionally, should Plaintiffs prevail in the action, Wells Fargo would have to reimburse their payments, which would "greatly exceeds the $75,000 threshold." [Doc. No. 1 at 17.] Because there is no diversity of citizenship, the Court need not address whether the SAC satisfies the amount in controversy.

named defendant, are citizens of California, there is no diversity of citizenship and therefore no diversity jurisdiction.

Because the Court no longer has subject matter jurisdiction based on federal question or diversity jurisdiction, it must remand this action to state court.

#### CONCLUSION

Based on the foregoing, the Court finds that it no longer has subject matter jurisdiction over this action.  Accordingly, the Court **REMANDS** this action, no. 37-2013-00029272-CU-OR-CTL, to the San Diego County Superior Court.

The Clerk of Court shall return the case to state court forthwith and close this action.

Because the Court no longer has subject matter jurisdiction, it **DENIES AS MOOT** Wells Fargo's motion to dismiss the Second Amended Complaint.  [Doc. No. 16.]

**IT IS SO ORDERED.**

DATED:  October 24, 2013

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge